RONALD A. PETERS, Bar No. 169895
BENJAMIN A. EMMERT, Bar No. 212157
LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
Telephone:  408.998.4150

Attorneys for Defendants
FIRST STUDENT, INC. and FIRST TRANSIT
INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550)<br><br>FIRST STUDENT, INC. CASES. | Case No.<br><br>**DEFENDANTS FIRST STUDENT, INC. AND FIRST TRANSIT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[Removal from the Superior Court of the State of California, County of Los Angeles, Judicial Coordination Case Proceeding No JCCP 4624]**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]** |

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

Notice Of Removal                              Case No. _____

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants First Student, Inc. ("First Student") and First Transit, Inc. ("First Transit") by and through their undersigned counsel, contemporaneously with the filing of this Notice, hereby effects removal of the above-referenced Judicial Council Coordinated Proceedings from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division.

Defendants will promptly file in the Los Angeles County Superior Court their Notice to State Court of Removal of Civil Action, their Notice to Adverse Party of Removal of Civil Action, and a State Court Notice of Stay of Proceedings. A true and correct copy of the Notice to State Court and to Adverse Party of Removal of Civil Action, without its accompanying exhibits, is attached hereto as Exhibit A.

This removal is based on 28 U.S.C. sections 1332, 1441 and 1446 and, specifically, on the following grounds:

## I.     SUMMARY OF LAWSUIT

1.     This is a coordinated proceeding involving 24 separate lawsuits naming approximately 1,296 individual plaintiffs that have been coordinated by California's Judicial Council into this one proceeding for all purposes. (See Defendants First Student, Inc. and First Transit, Inc.'s Compendium Of Process, Pleadings, And Orders Served In State Court Action In Support Of Removal Of Civil Action To Federal Court ("Compendium"), Exhs. 2-7, 10-12, 16, 18-23, 24, 26, 29-34, 35, 44.) Plaintiffs all allege they are current or former employees of First Student and/or First Transit. (*Id.*) They allege First Student and/or First Transit procured or caused to be prepared consumer reports on them without complying with the requirements of California's Investigative Consumer Reporting Agencies Act ("ICRAA"). (*Id.*) Plaintiffs are seeking the ICRAA's $10,000 penalty for each alleged violation. (*Id.*) Recently,

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

Notice Of Removal                    2.                  Case No. _____

Plaintiffs have stated they may seek up to one hundred and forty million dollars in damages ($140,000,000.00), approximately $108,205 per plaintiff. (Peters Decl., ¶2.)

## II. STATEMENT OF JURISDICTION

2. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446.

3. Under the CAFA, "the term 'mass action' means any civil action (except a civil action within the scope of section 1711(2)) in which the monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)." *See* 28 U.S.C. § 1332(d)(11)(B)(i).

4. Here, as set forth below, this case meets all of CAFA's requirements for removal because there is diversity between at least one class member and one defendant; the proposed class contains in excess of at least 100 members and joinder of more than 100 of these individuals was done jointly by Plaintiffs and Defendants; and Plaintiffs claim the amount in controversy for all class members exceeds $5 million. *See* 28 U.S.C. § 1332(d).

## III. VENUE

5. The underlying lawsuits in this coordinated action were originally filed in various Courts in California as follows:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 7th Floor
San Jose, CA 95113-2303
408.998.4150

Notice Of Removal                3.                Case No. _____

1.    *Jesus Aguinaga, et al. v. First Student, Inc., et al.*, Los Angeles County Superior Court Case Number BC 423679 (filed October 13, 2009) (the "*Aguinaga* Lawsuit");

2.    *Margarita Acosta, et al. v. First Transit, Inc., et al.*, Los Angeles County Superior Court Case Number BC 423757 (filed October 14, 2009) (the "*Acosta* Lawsuit");

3.    *Myrna Aceves, et al. v. First Student, Inc., et al.*, Los Angeles County Superior Court Case Number BC 425306 (filed November 3, 2009) (the "*Aceves* Lawsuit");

4.    *Guadalupe Avalos, et al. v. First Student, Inc., et al.*, Santa Clara County Superior Court Case Number 1-09-CV-158514 (filed December 1, 2009) (the "*Avalos* Lawsuit");

5.    *Carrie Adams, et al. v. First Student, Inc., et al.*, Riverside County Superior Court Case Number RIC 541255 (filed December 1, 2009) (the "*Adams* Lawsuit");

6.    *Terrell Addison, et al. v. First Student, Inc., et al.*, San Bernardino County Superior Court Case Number CIVDS 917111 (filed December 1, 2009) (the "*Addison* Lawsuit");

7.    *Paul Terrell Morris, Jr., et al. v. First Student, Inc.*, et al., San Bernardino County Superior Court Case Number CIVDS 917112 (filed December 1, 2009) (the "*Morris* Lawsuit");;

8.    *Carol Garcia, et al. v. First Student, Inc., et al.*, San Bernardino County Superior Court Case Number CIVDS 917113, (filed December 1, 2009) (the "*Garcia 1* Lawsuit");

9.    *Valerie Andujo, et al. v. First Student, Inc., et al.*, San Bernardino County Superior Court Case Number CIVDS 1001224 (filed February 3, 2010) (the "*Andujo* Lawsuit");

10.    *Elsa Aguilar, et al. v. First Student, Inc., et al.*, Los Angeles

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

Notice Of Removal                    4.                    Case No. _____

County Superior Court Case Number BC 431608 (filed February 9, 2010) (the "*Aguilar* Lawsuit");

11. *Eusebio Alonso, et al. v. First Transit, Inc., et al.*, Los Angeles County Superior Court Case Number BC 434215 (filed March 19, 2010) (the "*Alonso* Lawsuit");

12. *Isaac G. Velasquez, et al. v. First Transit, Inc., et al.*, Los Angeles County Superior Court Case Number BC 434216 (filed March 19, 2010) (the "*Velasquez* Lawsuit");

13. *Frances Acuna, et al. v. First Student, Inc., et al.*, Los Angeles County Superior Court Case Number BC 434217 (filed March 19, 2010) (the "*Acuna* Lawsuit");

14. *Paul Booker, et al. v. First Student, Inc., et al.*, Riverside County Superior Court Case Number RIC 10004991 (filed March 19, 2010) (the "*Booker* Lawsuit");

15. *Irma Silva, et al. v. First Student, Inc., et al.*, San Bernardino County Superior Court Case Number. CIVDS 1003467 (filed March 19, 2010) (the "*Silva* Lawsuit");

16. *Rachel Aguilera Rivas, et al. v. First Student, Inc.*, et al., San Bernardino County Superior Court Case Number CIVDS 1004359 (filed March 19, 2010) (the "*Aguilera Rivas* Lawsuit");

17. *Denia Aguilera, et al. v. First Transit, Inc., et al.*, San Bernardino County Superior Court Case Number CIVDS 1003468 (filed March 19, 2010) (the "*Aguilera* Lawsuit");

18. *Jesus Castro Solis, et al. v. First Student, Inc., et al.*, Santa Clara County Superior Court Case Number 1-10-CV-173509 (filed June 2, 2010) (the "*Castro Solis* Lawsuit");

19. *Joyce Clay, et al. v. First Student, Inc., et al.*, Los Angeles County Superior Court Case Number BC 439062 (filed June 3, 2010) (the "*Clay*

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

Notice Of Removal                5.                Case No. _____

1   Lawsuit");

2        20.   *Debra Hunter, et al. v. First Transit, Inc., et al*., Los Angeles

3   County Superior Court Case Number BC 438922 (filed June 3, 2010)

4   (the "*Hunter* Lawsuit");

5        21.   *Aceves Barajas, et al. v. First Student, Inc., et al*., Los Angeles

6   County Superior Court Case Number BC 463855 (filed June 20, 2011)

7   (the "*Barajas* Lawsuit");

8        22.   *Kerry Martin, et al. v. First Student, Inc., et al*., Los Angeles

9   County Superior Court Case Number BC 463947 (filed June 20, 2011)

10  (the "*Martin* Lawsuit");

11       23.   *Darlene Tait, et al. v. First Student, Inc., et al*., Los Angeles

12  County Superior Court Case Number BC 463950 (filed June 20, 2011)

13  (the "*Tait* Lawsuit");

14       24.   *Juan P. Garcia, et al. v. First Student, Inc., et al*., Los Angeles

15  County Superior Court Case Number BC 463967 (filed June 20, 2011)

16  (the "*Garcia 2* Lawsuit").

17  (Compendium, Exhs. 2-7, 10-12, 16, 18-23, 24, 26, 29-34, 35, 44.)

18       6.   Each of these lawsuits has been coordinated by authority of California's

19  Judicial Council in the Los Angeles County Superior Court under the Case Number

20  JCCP 4624. (*Id.*)

21       7.   Venue properly lies in the United States District Court for the Central

22  District of California because it is the district court where the coordinated state court

23  action is pending.  *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

24

25  **IV.    PLEADINGS, PROCESS AND ORDERS**

26       8.   This is a coordinated proceeding involving 24 separate lawsuits naming

27  approximately 1,296 individual plaintiffs that have been coordinated by California's

28  Judicial Council into this one proceeding for all purposes.  (Compendium, Exhs. 2-7, 10-

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

Notice Of Removal       6.      Case No. _____

12, 16, 18-23, 24, 26, 29-34, 35, 44.)   Plaintiffs all allege they are current or former employees of First Student and/or First Transit.  (*Id*.)  They allege First Student and/or First Transit procured or caused to be prepared consumer reports on them without complying with the requirements of California's Investigative Consumer Reporting Agencies Act ("ICRAA").  (*Id*.)  Plaintiffs are seeking the ICRAA's $10,000 penalty for each alleged violation.  (*Id*.)  Recently, Plaintiffs have stated they may seek up to one hundred and forty million dollars in damages ($140,000,000), approximately $108,205 per plaintiff.  (Peters Decl., ¶2.)

## V.    NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL

9.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to Plaintiff's Counsel of Record, Hunter Pyle and Katie Fiester, Hunter Pyle Law, 428 13th Street, 11th Floor, Oakland, CA 94612, Telephone: 510.444.4400 and Todd F. Jackson and Genevieve Casey, Feinberg, Jackson, Worthman & Wasow LLP, 2030 Addison Street, Suite 500, Berkeley, CA 94704, Telephone: 510.269.7998, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles as required by 28 U.S.C. §1446(d).

## VI.    TIMELINESS OF REMOVAL

10.    In general, a notice of removal in a civil action must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

Notice Of Removal                                    7.                    Case No. _____

that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

11.     When originally filed, this action was originally not removable because Plaintiffs structured the lawsuits so that they each contained less than 100 plaintiffs. Later Plaintiffs each represented that they were not seeking more than $75,000 per individual in damages.    Until recently, Plaintiffs seemingly stood by this representation as to the amount in controversy. (Peters Decl., ¶2.)

12.     On October 15, 2020, Plaintiffs' counsel sent a letter that stated, in pertinent part, that Plaintiffs may seek in excess of One Hundred and Forty Million Dollars ($140,000,000). (Peters Decl., ¶2.) At this time, there are approximately one thousand two hundred and ninety six (1,296) Plaintiffs in this coordinated action. Thus, Plaintiffs' potential damages each will, or at minimum may, seek to recover is approximately $108,025 per plaintiff.  Accordingly, Plaintiffs now admit the amount in controversy has been met.

18.     Because First Student/First Transit filed this Notice of Removal within 30 days of Plaintiffs' October 15 letter, this notice is timely.

13.     Moreover, because Plaintiffs have substantially changed their position on the amount in controversy, this Notice of Removal is not barred by 28 U.S.C. § 1446(c)'s one year limitations.  See 28 U.S.C. § 1446(c)(3)(B) ("[i]f a court finds that the plaintiff 'deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)."

## VII.  CAFA JURISDICTION

14.     CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.  Specifically, this Court has jurisdiction over this case under

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 7th Floor
San Jose, CA 95113-2303
408.998.4150

Notice Of Removal                                   8.              Case No. _____

CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not states, state officials or other governmental entities; (3) there is diversity between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5 million.

### A.    The Proposed Class Contains More Than 100 Members.

15.    For the purposes of determining the number of individuals in an action for removal under CAFA, "a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs." 28 U.S.C. § 1332(d)(11)(A). "[T]he term 'mass action' means any civil action . . . in which the monetary relief claims of 100 or more persons are proposed to be tried jointly on the grounds that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claim sin a mass action satisfy the jurisdictional amount requirement under subsection (a)." 28 U.S.C. § 1332(d)(11)(B)(i). "[T]he term 'mass action' shall not include any civil action in which - . . . (II) the claims are joined upon motion of a defendant."

16.    This action originally started as separate lawsuits filed in California's State Courts. On about April 1, 2020, Defendants filed a petition to coordinate the following ten (10) cases: (1) the *Aguinaga* Lawsuit; (2) the *Acosta* Lawsuit; (3) the *Aceves* Lawsuit; (4) the *Avalos* Lawsuit; (5) the *Adams* Lawsuit; (6) the *Addison* Lawsuit; (7) the *Morris* Lawsuit; (8) the *Garcia 1* Lawsuit; (9) the *Andujo* Lawsuit; and (10) the *Aguilar* Lawsuit. On about May 12, 2020, Defendants filed an amended petition for coordination requesting an additional seven (7) cases be included in the coordination motion. (Compendium, Exhs. 2-4, 10-12.) These cases were: (1) the Acuna Lawsuit; (2) the Booker Lawsuit; (3) the Silva Lawsuit; (4) the Aguilera Rivas Lawsuit; (5) the Alonso Lawsuit; (6) the Velasquez Lawsuit; and (7) the Aguilera Lawsuit. (*Id.*) On about July 15, 2010, the Hon. Carl West of the Los Angeles

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 7th Floor
San Jose, CA 95113-2303
408.998.4150

Notice Of Removal                    9.                    Case No. _____

County Superior Court granted Defendant's request and issued an Order Coordinating these seventeen Lawsuits. (*Id*. at Exh. 16.)

17.     On October 7, 2010, Plaintiffs and Defendants jointly filed petition based on a stipulation for an order requesting: (1) the *Solis* Lawsuit; (2) the *Clay* Lawsuit; and (3) the *Hunter* Lawsuits be coordinated with the above reference 17 lawsuits. The *Solis* Lawsuit originally named seven (7) plaintiffs. (*Id*. at Exhs. 18-22.) The *Clay* lawsuit originally named five (5) plaintiffs; the *Hunter* Lawsuit originally named two (2) plaintiffs. (*Id*.) The Court granted the petition on about October 12, 2010. (*Id*. at Exh. 23.)

18.     During a case management conference on November 5, 2010, the Court ordered Plaintiffs to file a consolidated complaint. Plaintiffs filed their Consolidated First Amended Complaint ("CFAC") on December 30, 2010. (*Id*. at Exh. 24.) Plaintiff named 48 additional plaintiffs under the *Clay* Lawsuit heading and 92 additional plaintiffs under the *Hunter* Lawsuit heading in the CFAC.

19.     On about February 2, 2012, October 7, 2010, Plaintiffs and Defendants jointly filed a petition based on a stipulation for an order requesting: (1) the *Barajas* Lawsuit; (2) the *Martin* Lawsuit; (3) the *Tait* Lawsuit; and (4) the *Garcia 2* Lawsuit be coordinated with the other twenty (20) coordinated lawsuits. (*Id*. at Exhs. 29-32.) The Court granted the petition on February 6, 2012. (*Id*. at Exh. 33.) The *Barajas* Lawsuit named approximately 98 plaintiffs. The *Kerry* Lawsuit named approximately 95 plaintiffs. The *Tait* Lawsuit named approximately 55 plaintiffs. The *Garcia 2* Lawsuit named approximately 81 plaintiffs. (Id. at Exhs. 29-33.)

20.     As a result of Plaintiff stipulating to coordination of the *Solis*, *Clay, Hunter, Barajas, Martin, Tait,* and the *Garcia 2* Lawsuit, this action meets the definition of a mass action under Section 28 U.S.C. § 1332(d)(11)(B)(i).

## B.     Defendant Is Not A Governmental Entity.

21.     Defendant is not a state, state official or any other governmental entity.

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 7th Floor
San Jose, CA  95113-2303
408.998.4150

Notice Of Removal                    10.                    Case No. _____

### C.    CAFA Diversity Of Citizenship Exists.

22.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris,* 394 U.S. 332, 339-40 (1969). Diversity of citizenship exists here because, as Plaintiff's admit, Plaintiffs and First Student and First Transit are citizens of different states. (Compendium, Exhs. 2-7, 10-12, 16, 18-23, 24, 26, 29-34, 35, 44); Beechem Decl.

23.    At the time this action was commenced, Plaintiffs are residents of the State of California. (Compendium, Exhs. 2-7, 10-12, 16, 18-23, 24, 26, 29-34, 35, 44.) Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). Accordingly, Plaintiff is a citizen of the State of California. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is the place he or she resides with the intention to remain).

24.    For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 175 L.Ed.2d 1029 at ¶ 2 of the Syllabus (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

25.    First Student and First Transit were, at the time of the filing of this action, incorporated under the laws of Delaware and remain incorporated under the laws of Delaware. (Compendium, Exhs. 2-7, 10-12, 16, 18-23, 24, 26, 29-34, 35, 44); Beechem Decl. The locus of First Student and First Transit's business operations is

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

Notice Of Removal                    11.          Case No. _____

Cincinnati, Ohio. Beechem Decl. Their corporate officers and executives as well as its general counsel work out of its Cincinnati, Ohio office. First Student therefore also is a citizen of Ohio. 28 U.S.C. § 1332(c)(1); *The Hertz Corp.*, 130 S. Ct. at 1192. First Student and First Transit are not, and at no time relevant to this matter has been, a citizen of the State of California.

26. Doe Defendants are fictitious. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

27. Accordingly, Plaintiffs are citizens of California, First Student and First Transit incorporated in and have their principal place of business outside of California, and, therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**D. The Amount In Controversy Exceeds $5,000,000.**

28. "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); see also *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010), *citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007).

29. Although First Student and First Transit expressly deny any liability for the damages alleged in Plaintiffs' Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied the Court must presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). "The amount in controversy is simply

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis*, *supra*, 627 F. 3d at 400 (9th Cir. 2010).

30.      CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds five million dollars ($5,000,000). *See* 28 U.S.C. § 1332(d). Here, Plaintiffs have admitted they may seek up to one hundred and forty million dollars ($140,000,000.) (Peters Decl., ¶2.) While Defendants deny Plaintiffs' claims of wrongdoing and deny their request for relief thereon, as specifically outlined below, Plaintiffs' admission demonstrates that the total amount in dispute is far in excess of this Court's $5 million dollar jurisdictional minimum, as required by 28 U.S.C. § 1332(d); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied).

## VIII. CONCLUSION

31.      WHEREFORE, Defendant removes the action now pending against it in the Superior Court of the State of California, County of Los Angeles, to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Dated: November 9, 2020                    LITTLER MENDELSON, P.C.

                                           By: */s/ Benjamin A. Emmert*
                                           BENJAMIN A. EMMERT
                                           Attorneys for Defendants
                                           FIRST STUDENT, INC. and FIRST
                                           TRANSIT, INC.

4851-3268-7569.1 070991.1008

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

Notice Of Removal                      13.          Case No. _____

EXHIBIT  1

RONALD A. PETERS, Bar No. 169895
rpeters@littler.com
BENJAMIN A. EMMERT, Bar No. 212157
bemmert@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
Telephone:    408.998.4150
Facsimile:    (408) 288-5686

Attorneys for Defendants
FIRST STUDENT, INC. and FIRST TRANSIT, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550)<br><br>FIRST STUDENT, INC. CASES | Judicial Council Coordination Proceedings Case No. JCCP 4624 |
| JESUS AGUINAGA, et al.,<br><br>       Plaintiff,<br>vs.<br><br>FIRST STUDENT, INC.,<br><br>       Defendants. | **DEFENDANTS' FIRST STUDENT, INC. AND FIRST TRANSIT, INC. NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION**<br><br>Dept:    1<br>Judge:   Hon. Daniel J. Buckley |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

Notice to State Court of Removal                                    CASE NO.: JCCP4624

1    **TO THE CLERK OF CALIFORNIA SUPERIOR COURT, FOR THE COUNTY OF LOS**

2    **ANGELES, AND TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

3            **PLEASE TAKE NOTICE** that Defendants First Student, Inc. ("First Student") and

4    First Transit, Inc. ("First Transit") are contemporaneously filing a Notice to Federal Court of

5    Removal of Civil Action ("Notice of Removal") in the United States District Court for the Central

6    District of California on November 10, 2020, under 28 U.S.C. §§ 1332, 1441, 1146.  A copy of said

7    Notice of Removal and Compendium without exhibits, and Declarations in support of Removal  are

8    attached as Exhibit  1.

9            **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. sections 1446(a)

10    and (d), the filing of said Notice of Removal in federal court, together with the filing of a copy of

11    said notice with this Court, effects removal of this action from this Court to the United States District

12    Court for the Central District of California, and this Court may proceed no further unless and until

13    the case is remanded.

14

15    Dated: November 10, 2020

16

17                                                                    _____
       RONALD A. PETERS
18       BENJAMIN A. EMMERT
       LITTLER MENDELSON
19       A Professional Corporation
       Attorneys for Defendants
20       FIRST STUDENT, INC. and FIRST
       TRANSIT, INC.

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

Notice to State Court of Removal                    2.                    CASE NO.: JCCP4624